UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| JOANNA ANGUS, a single woman,<br><br>Plaintiff,<br><br>vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA, a foreign corporation.<br><br>Defendant. | Case No.:<br><br>COMPLAINT FOR DENIAL OF LONG-TERM DISABILITY BENEFITS |

TO THE DEFENDANT:

The Plaintiff, by and through her attorneys, NELSON LANGER ENGLE, PLLC, based upon information and belief, alleges the following:

## I. INTRODUCTION

This action is brought on behalf of Plaintiff, Joanna Angus, pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq*. ("ERISA"). Plaintiff seeks to recover from Defendant, Life Insurance Company of North America, ("LINA"), unpaid long-term disability ("LTD") benefits pursuant to the terms of a group LTD policy ("the LTD Policy") issued by LINA to Plaintiff's former employer, under ERISA § 502(a), 29 U.S.C. §1132(a)(1)(B). Plaintiff seeks unpaid LTD benefits, interest on the unpaid benefits and her costs and attorney's fees, pursuant to ERISA § 502(e)(1), (f), and (g), 29 U.S.C. §1132(e)(1),

COMPLAINT– 1
File Number 204971

NELSON LANGER ENGLE PLLC
12055 15th Avenue NE, Suite 100
Seattle, Washington 98125
T: 206.623.7520  F: 206.622.7068

(f), and (g).

## II.  JURISDICTION, PARTIES, AND VENUE

2.1. Jurisdiction is conferred upon this Court by ERISA § 502(e)(1), (f) and (g), 29 U.S.C. § 1132(e)(1), (f) and (g), which gives this Court jurisdiction to hear civil actions brought to recover plan benefits due under the terms of an employee welfare benefit plan, as well as other declarative relief and attorney's fees and costs.

2.2. Plaintiff Joanna Angus is a resident of Salem, Oregon, and at all times relevant, was a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in the LTD policy offered through her employer, Salem Health Hospitals & Clinics.

2.3. Defendant, Life Insurance Company of North America is a foreign corporation doing business in Washington, whose primary place of business is in the State of Pennsylvania. At all times relevant herein, Plaintiff's employer contracted with LINA, as to the determination, claims administration, and payment of benefits under Group Policy, Number LK-0961827.

2.4. Venue is proper in this district under 28 U.S.C. § 1391 as Plaintiff is a resident of Marion County, Oregon, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, and LINA does business in this district.

## III.  FACTUAL ALLEGATIONS

3.1. The Plaintiff, Joanna Angus, was employed as an ER Tech by Salem Hospitals & Clinics ("Salem"), until approximately February 24, 2017.

3.2. While employed by Salem, Plaintiff became eligible to receive disability benefits, and premiums were paid to Defendant in consideration for disability coverage.

3.3. While employed by Salem, Plaintiff became afflicted with disabling illnesses.

3.4. Plaintiff has been diagnosed by her treating and examining physicians with

COMPLAINT– 2
File Number 204971

NELSON LANGER ENGLE PLLC
12055 15th Avenue NE, Suite 100
Seattle, Washington  98125
T: 206.623.7520  F: 206.622.7068

Multiple Myeloma causing multiple vertebral fractures, acute deep venous thrombosis, and an immune compromised state. In addition, Plaintiff suffers from several other related medical conditions that impact her ability to function, including post chemotherapy fatigue.

3.5. Plaintiff is unable to competitively and predictably work because she is disabled due to her medical conditions.

3.6. Plaintiff is eligible to receive Long Term Disability ("LTD") benefits as an employee of Salem until she reaches the age of 66 years and 6 months.

3.7. LINA approved Plaintiff's claim and paid Plaintiff long-term disability benefits, after the elimination period, under the 24-month "own occupation" provision of the policy.

3.8. As part of its claims handling, LINA forces individuals to apply for SSDI benefits because receipt of SSDI benefits reduces the financial exposure to LINA under its LTD policy, thereby transferring the bulk of the risk of disability to the taxpayers of the United States of America, while LINA receives premiums for LTD coverage.

3.9. Ms. Angus did as LINA required her to do and applied for Social Security Disability benefits.

3.10. LINA was in privity with Ms. Angus throughout the Social Security proceedings as it stood to benefit from her application, and Ms. Angus and LINA asserted therein that her impairments were "of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. § 423(d)(2)(A).

3.11. Ms. Angus prevailed, and the Social Security Administration found her totally disabled and began paying benefits.

COMPLAINT– 3
File Number 204971

NELSON LANGER ENGLE PLLC
12055 15th Avenue NE, Suite 100
Seattle, Washington 98125
T: 206.623.7520  F: 206.622.7068

3.12. LINA then ignored the findings of the SSA as part of its review of Plaintiff's claim for LTD benefits.

3.13. By letter, dated June 19, 2019, LINA denied Plaintiff's long-term disability benefits beyond June 24, 2019.

3.14. Plaintiff appealed the denial and submitted documentation in support of her claim.

3.15. By letter, dated June 10, 2020, Defendant upheld the denial of Plaintiff's claim for benefits.

3.16. By letter, dated June 29, 2020, LINA again upheld the denial of the LTD claim.

3.17. Plaintiff appealed the denial of her claim on October 30, 2020, and her appeal included updated medical records documenting her condition.

3.18. LINA refused to review the information and maintained its denial of Plaintiff's claim.

3.19. Defendant LINA conducts its claim review process in a manner that results in the denial of valid claims.

3.20. Plaintiff presented Defendant with objective medical proof of her disability, supported by her treating and examining physicians, and LINA chose to ignore this evidence.

3.21. Because it was both decision-maker and the payor with respect to Plaintiff's claim for benefits, LINA had a conflict of interest.

3.22. LINA's conflict of interest affected its management of Plaintiff's claim for benefits and was a reason for its denial of her benefits.

3.23. Upon information and belief, one of the means LINA uses to delay or deny payment on claims is to hire biased medical reviewers.

COMPLAINT– 4
File Number 204971

NELSON LANGER ENGLE PLLC
12055 15th Avenue NE, Suite 100
Seattle, Washington 98125
T: 206.623.7520   F: 206.622.7068

3.24. Upon information and belief, LINA routinely ignores the findings of the SSA even though it requires insureds to apply for SSDI benefits.

3.25. Upon information and belief, LINA deliberately ignores the findings and opinions of its insureds' treating physicians in order to deny valid claims.

3.26. Upon information and belief, LINA routinely conducts biased and incomplete vocational reviews to deny valid claims.

3.27. LINA has failed to establish administrative processes and safeguards (as those terms are used in 29 C.F.R. § 2560.503-1) to ensure and verify appropriately consistent decision making.

3.28. LINA has failed to train and/or supervise its employees and/or has failed to ensure that its employees managing claims and appeals, are aware of, or follow, administrative processes and safeguards intended to ensure and verify appropriate and consistent decision making.

3.29. Plaintiff has sustained severe economic damages as a result of Defendant's actions.

3.30. Plaintiff has exhausted her administrative remedies under ERISA.

### IV. FIRST CLAIM – RIGHT TO BENEFITS UNDER ERISA

Plaintiff readopts and realleges all of the foregoing allegations set forth in Sections I-II of this Complaint and, in addition, alleges the following:

4.1. The disability benefits provided by LINA, and complained of herein, stem from an "employee welfare benefit plan" or a "welfare plan," as defined in 29 U.S.C. §1001, *et seq*. ("ERISA").

4.2. Plaintiff alleges that LINA's denial of her LTD benefits was wrongful as it was

COMPLAINT– 5
File Number 204971

NELSON LANGER ENGLE PLLC
12055 15th Avenue NE, Suite 100
Seattle, Washington 98125
T: 206.623.7520   F: 206.622.7068

made against the weight of the evidence in the claim file.

4.3. LINA'S breach of duties owed to Plaintiff proximately caused damage to Plaintiff, and these damages were a natural and foreseeable consequence of LINA's wrongful conduct.

4.4. Plaintiff has the express right and standing under ERISA to bring a cause of action against LINA to enforce her rights and recover the benefits due her under the terms of her disability coverage, and to clarify her rights to future benefits under the terms of the policy.

## V. SECOND CLAIM - FOR ATTORNEYS' FEES AND COSTS PURSUANT TO ERISA §502(G)(1)

Plaintiff readopts and realleges all the foregoing and, in addition, alleges that, pursuant to ERISA §502(g)(1), Plaintiff has the right to recover her reasonable attorney fees, and the costs of this action against LINA, should Plaintiff establish her rights to recover the LTD benefits denied her by LINA. The facts and circumstances of the matter warrant an award of fees and costs to Plaintiff.

## VI. PRAYER FOR RELIEF

Plaintiff prays for entry of judgment as follows:

6.1. That this Court declare that Plaintiff was continuously disabled within the meaning of the LTD policy and eligible and entitled to receive long-term disability benefits from the date of denial through the time of trial;

6.2. That this Court declare that LINA, by denying Plaintiff disability benefits and refusing to pay Plaintiff disability benefits, violated the terms of the LTD policy and denied Plaintiff her rights under the policy;

6.3. That this Court order Defendant LINA to pay Plaintiff the LTD benefits she was

COMPLAINT– 6
File Number 204971

NELSON LANGER ENGLE PLLC
12055 15th Avenue NE, Suite 100
Seattle, Washington 98125
T: 206.623.7520   F: 206.622.7068

entitled since LINA's denial through the time of trial, together with prejudgment interest on each and every such monthly payment through the date judgment is entered herein;

6.4. That this Court provide any other appropriate equitable relief to address Defendant's violations of ERISA and to ensure Defendant provides full and fair review of claims for benefits and full and fair review of appeals from adverse benefit determinations;

6.5. That this Court remand Plaintiff's claim and order Defendant to continue to pay Plaintiff LTD benefits, so long as she remains disabled under the terms of the insurance policy;

6.6. That this Court order Defendant to pay Plaintiff her attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1);

6.7. That Plaintiff be awarded any additional and further relief which this Court finds just and equitable.

6.8. In the alternative, if the Court determines that additional review should be conducted by LINA that Plaintiff's claim be remanded for further review and she be awarded attorneys' fees and costs for remand.

DATED this 11th day of November 2020.

| NELSON LANGER ENGLE, PLLC | NELSON LANGER ENGLE, PLLC |
|---|---|
| /s/   Frederick P. Langer<br>Frederick P. Langer, OSB#021813<br>Nelson Langer Engle PLLC<br>12055 15th Avenue NE, Suite 100<br>Seattle, WA  98125<br>T: 206.623.7520  F:  206.622.7068<br>Fredl@nlelaw.com<br>Attorneys for Plaintiff | /s/   Aaron I. Engle<br>Aaron I. Engle, WSBA #37955<br>*Pro Hac Admission Pending*<br>12055 15th Avenue NE, Suite 100<br>Seattle, WA  98125<br>T: 206.623-7520   F:  206.622.7068<br>Aarone@nlelaw.com<br>Attorneys for Plaintiff |

COMPLAINT– 7
File Number 204971

NELSON LANGER ENGLE PLLC
12055 15th Avenue NE, Suite 100
Seattle, Washington  98125
T: 206.623.7520  F: 206.622.7068